# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rahma Nur-Afi,                                                 Civil No. 08-5096 (DWF/SRN)

           Plaintiff,

v.                                                           **SECOND AMENDED**
                                                                **SCHEDULING ORDER**
Guidance Residential, LLC,                      **AND MEMORANDUM**

           Defendant.

---

Patrick B. Hennessy, Esq., Best & Flanagan LLP, counsel for Plaintiff.

James M. Lockhart, Esq., and Karla M. Vehrs, Esq., Lindquist & Vennum PLLP, counsel for Defendant.

---

       This matter is before the Court pursuant to the stipulation of the parties which amends the trial ready date.

       Based upon the stipulation of the parties, the Court having reviewed the contents of the file in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

       1.     **Trial Ready Date**. This case shall be ready for trial and will proceed to trial on January 11, 2010.

2. The November 14, 2008 Pretrial Scheduling Order, as amended by the February 27, 2009 First Amended Pretrial Scheduling Order, shall continue in full force and effect to the extent not expressly superseded by the terms of this Order.

Dated: July 22, 2009  s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

**MEMORANDUM**

The Court has deleted the phrase "or upon resolution of any pending dispositive motions." Meaningful deadlines in both state and federal court promote the resolution of cases. There is no more meaningful deadline than a day certain trial date that is indeed meaningful and firm. The Court will reach the case on or about January 11, 2010. The critical deadlines in any scheduling order establish appropriate spacing between a dispositive motion deadline and a trial so that there is ample time for the Court to make a ruling on any dispositive motions, permit the parties to engage in settlement discussions, and, in the event those are not successful, to prepare and participate in a pretrial conference with the Court.

Inserting a condition of "or upon resolution of any pending dispositive motions" is unfair to the parties and, moreover, defeats the purpose of a day certain setting that the parties and their clients can rely on. Consequently, the Court has removed that language and the matter is set for trial for January of 2010 unless otherwise ordered by the Court.

D.W.F.