# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rahma Nur-Afi,                                                 Civil No. 08-5096 (DWF/SRN)

          Plaintiff,

v.                                                                     **MEMORANDUM**
                                                                          **OPINION AND ORDER**

Guidance Residential, LLC,

          Defendant.

---

Patrick B. Hennessy, Esq., Best & Flanagan LLP, counsel for Plaintiff.

James M. Lockhart, Esq, Karla M. Vehrs, Esq., and Christopher R. Smith, Esq., Lindquist & Vennum PLLP, counsel for Defendant.

---

This matter is before the Court on a Motion for Summary Judgment brought by Plaintiff Rahma Nur-Afi. For the reasons stated below, the Court denies the motion.

## BACKGROUND

On October 18, 2006, Defendant Guidance Residential, LLC obtained a mortgage on property located at 3046 Rose Heights Drive SE in Rochester, Minnesota (the "Property") from Yasin Mohamed Jamal. (Decl. of Christopher R. Smith in Opp. to Pl.'s Mot. for Summ. J. ("Smith Decl.") ¶ 2, Ex. A (Dep. of Liz Pratt ("Pratt Dep.")) at Ex. 4.) Plaintiff asserts that she and Yasin Jamal were married in Somalia in or around early 1994 and that they remained married until they formally divorced in 2008. Plaintiff also asserts that Yasin Jamal purchased the Property in 2004 as a homestead for him, Plaintiff,

and their six children. Plaintiff has occupied the Property with her three daughters since 2004. Yasin Jamal and their four sons also occupied the house until May 2007, at which time Yasin Jamal took their four sons to Africa. (Aff. of Rahma Nur-Afi ("Pl. Aff.") ¶ 34.)[1] After Yasin Jamal left for Africa, Plaintiff discovered that he had granted a mortgage on the Property that was recorded on October 31, 2006 (the "Mortgage"). (Aff. of Patrick B. Hennessy ("Hennessy Aff.") ¶ 10, Ex. G.) The Mortgage was then assigned to Defendant and recorded on the same day. (Hennessy Aff. ¶ 11, Ex. H.)

In 2007, Plaintiff commenced a formal dissolution proceeding in Minnesota state court. (Pl. Aff. ¶ 40.) The State Court determined that Plaintiff and Yasin Jamal were married in Mogadishu, Somalia in approximately 1993. (Pl. Aff. ¶ 41, Ex. C.) The State Court awarded Plaintiff a divorce in 2008. (*Id.*) The State Court also awarded Plaintiff title to the Property and found that Plaintiff did not know of or consent to the grant of the Mortgage. (Pl. Aff. ¶¶ 41, 42, Exs. C, D.) On May 29, 2008, Plaintiff demanded that Defendant release its Mortgage and Assignment based on the alleged invalidity of the Mortgage under Minnesota law because the Mortgage was not signed by Plaintiff. Defendant has not released the Mortgage. (Hennessy Aff. ¶ 12, Ex. I.) Plaintiff then brought the current action seeking a declaration that the Mortgage on the Property is void because she did not sign or authorize the Mortgage and a determination that Defendant has slandered Plaintiff's title by failing to remove an invalid lien on the Property.

---

[1] Plaintiff gave birth to their seventh child, a daughter, shortly after learning that Yasin Jamal was in Africa. (Pl. Aff. ¶ 28.)

# DISCUSSION

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Minnesota law provides certain protections for spouses with respect to the conveyance of an interest in a married couple's homestead. In particular, Minnesota Statute section 507.02 provides in relevant part:

3

> If the owner is married, no conveyance[2] of the homestead, except a mortgage for purchase money . . . shall be valid without the signatures of both spouses. A spouse's signature may be made by the spouse's duly appointed attorney-in-fact.

Minn. Stat. § 507.02. In addition, Minnesota Statute section 507.04, subd. 6, provides in relevant part:

> **Validity of Homestead Conveyance**. No conveyance of the homestead is valid unless each spouse or the duly authorized legal representative of each spouse joins in the conveyance by joint deed or by separate deeds.

Minn. Stat. § 507.04, subd. 6. Failure to comply with these statutory provisions requiring the signature of both spouses voids the conveyance. *See, e.g., Dvorak v. Maring*, 285 N.W.2d 675, 677 (Minn. 1979).

There is no dispute that Plaintiff did not sign the Mortgage. The Court therefore evaluates whether Plaintiff has established, as a matter of law, that she was married to Yasin Jamal at the time the Mortgage was executed. Plaintiff argues, alternatively, that she and Yasin Jamal were legally married in Somalia prior to moving to Minnesota, that this Court is bound by the State Court determination in the divorce proceedings that Yasin Jamal and Plaintiff were married, that Yasin Jamal and Plaintiff had a common law marriage under Iowa law, and that she is entitled to all of the rights of a spouse under Minnesota law as a putative spouse. The Court addresses each argument in turn.

First, Plaintiff asserts that she was legally married in Somalia in early 1994. Minnesota recognizes foreign marriages under Minnesota Statute section 517.20, which

---

[2] There is no dispute that a mortgage is a "conveyance" for purposes of Minnesota Statute section 507.02.

provides in part that "all marriages contracted . . . outside [Minnesota] that were valid at the time of the contract . . . are valid in this state." The parties do not dispute that a foreign marriage must be valid in order to be recognized under Minnesota law. Plaintiff claims that evidence in the record demonstrates that she and Yasin Jamal were legally married in accordance with Somali law and Muslim custom in Mogadishu, Somalia. In particular, Plaintiff testifies in her affidavit that the marriage ceremony was presided over by a Sheikh and that she was told that the Sheikh brought two men who served as witnesses. (Pl. Aff. ¶ 9.) Plaintiff also explains, however, that she was not in the room where the ceremony occurred, because the men and women were in separate rooms. (Pl. Aff. ¶ 10.) Plaintiff claims that her stepfather represented her in the room with the men and that he confirmed that the marriage was completed. (Pl. Aff. ¶¶ 9, 10.) Defendant asserts that the evidence put forth by Plaintiff is conclusory and insufficient to prove a marriage. In particular, Defendant points out that Plaintiff admitted in her deposition that neither she nor another alleged attendee of the wedding actually attended the wedding ceremony. Defendant also asserts that Plaintiff has offered no evidence that the ceremony actually created a legally binding marriage under the laws of Somalia and has offered no evidence from a witness qualified to opine on customs of Somali law regarding valid marriages.

The Court determines that the record is not conclusive on the issue of whether Plaintiff and Yasin Jamal were legally married in Somalia, but rather determines that fact issues remain regarding the validity of the alleged marriage. On the current record, and viewing the record in the light most favorable to Defendant, a reasonable juror could

5

conclude that the two were not legally married. Thus, fact issues as to the validity of the alleged marriage in Somalia remain to be resolved by a jury.

Second, Plaintiff asserts that the Court is bound by the State Court's factual findings regarding Plaintiff's alleged marriage to Yasin Jamal during the marriage dissolution proceedings. Plaintiff claims that the divorce decree is entitled to full faith and credit and that the finding made by the State Court that Plaintiff and Yasin Jamal were married cannot be collaterally attacked. Defendant argues that Plaintiff has failed to establish the elements necessary to allow the Minnesota district court decision to have preclusive effect on this issue.

Under Minnesota law, the doctrine of collateral estoppel prohibits a party from relitigating issues that have been previously adjudicated. *See Barth v. Stenwick*, 761 N.W.2d 502, 507 (Minn. Ct. App. 2009). To invoke collateral estoppel, a party must show that: (1) the issue was identical to the one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. *See Kaiser v. N'n States Power Co.*, 353 N.W.2d 899, 902 (Minn. 1984). Here, Plaintiff seeks to prohibit Defendant from contesting the assertion that Plaintiff and Yasin Jamal were legally married based on the factual finding made by the state court presiding over Plaintiff's marriage dissolution proceeding that Plaintiff and Yasin Jamal were married in Somalia. The Court, however, declines to apply the doctrine of collateral estoppel here. Defendant was not a party to the dissolution proceeding and was not in privity with either Plaintiff or Yasin Jamal during

6

that proceeding. Accordingly, Defendant did not have a full and fair opportunity to be heard on the issue of whether there was a valid marriage.[3]

Third, Plaintiff asserts that she and Yasin Jamal were legally married under the common law of Iowa. Plaintiff must establish three elements to establish a common law marriage under Iowa law: (1) a present intent and agreement to be married by both parties; (2) continuous cohabitation; and (3) public declaration that the parties are husband and wife. *In re Marriage of Martin*, 681 N.W.2d 612, 617 (Iowa 2004). Plaintiff has the burden of proving a common law marriage by a preponderance of "clear, consistent, and convincing evidence." *State v. Ware*, 338 N.W.2d 707, 711 (Iowa 1983).

Plaintiff asserts that she, Yasin Jamal, and their two sons, moved from Africa to Cedar Rapids, Iowa, where they lived for approximately one and a half years. (Pl. Aff. ¶ 18.) Plaintiff also asserts that while in Iowa, she and Yasin Jamal lived together as husband and wife, introduced one another as such, and lived together at all times in the same house. (Pl. Aff. ¶ 19.) Despite Plaintiff's affidavit testimony, the Court determines that the record does not contain sufficient evidence to allow the Court to conclude that, as a matter of law, Plaintiff and Yasin Jamal had a common law marriage under Iowa law. In particular, Plaintiff has not submitted sufficient evidence to demonstrate Yasin

---

[3] Both parties cite to general case law setting forth the principles of full faith and credit and collateral estoppel. Neither party has provided the Court with, and the Court has not found, authority for the notion that the law on collateral estoppel is any different when considering issues litigated in prior marital dissolution proceedings. Without any such authority, the Court must conclude that Defendant is not barred from litigating the issue of whether Plaintiff was validly married. Should the parties find relevant authority on this point, the Court will entertain it in a future motion.

Jamal's intent and agreement to be married or evidence of any public declaration during their time in Iowa. *See Ware*, 338 N.W.2d at 711.

Finally, Plaintiff asserts that she is entitled to the rights of a spouse under Minnesota law as a putative spouse, and that as a putative spouse, she is entitled to the protections afforded under Minnesota Statute sections 507.02 and 507.04, subd. 6. In support, Plaintiff relies on Minnesota Statute section 518.055, which provides in relevant part:

> Any person who has cohabited with another to whom the person is not legally married in the good faith belief that the person was married to the other is a putative spouse until knowledge of the fact that the person is not legally married terminates the status and prevents acquisition of further rights. A putative spouse acquires the rights conferred upon a legal spouse, including the right to maintenance following termination of the status, whether or not the marriage is prohibited or declared a nullity. If there is a legal spouse or other putative spouses, rights acquired by a putative spouse do not supersede the rights of the legal spouse or those acquired by other putative spouses, but the court shall apportion property, maintenance, and support rights among the claimants as appropriate in the circumstances and in the interests of justice.

Minn. Stat. § 518.055. Assuming Plaintiff can be considered a putative spouse under the above statute, Plaintiff offers no authority for the notion that putative spouse status would qualify her for protections under Minnesota Statute sections 507.02 and 507.04, subd. 6. Without additional authority or legal support, the Court declines to find that, as a matter of law, a putative spouse could qualify for protections under these statutory provisions.

Because the Court finds that there are fact issues remaining with respect to the question of whether Plaintiff and Yasin Jamal were legally married at the time that the Mortgage was executed, the Court cannot conclude, as a matter of law, that Plaintiff is

entitled to protection under Minnesota Statute sections 507.02 and 507.04, subd. 6. Accordingly, the Court denies summary judgment on Count One of Plaintiff's Complaint. In addition, and in light of the above ruling, the Court denies summary judgment on Count Two of Plaintiff's Complaint for slander of title.

**CONCLUSION**

The Court would caution the Defendant from equating victory at this stage of the litigation with the likelihood of prevailing at trial. The Court observes that the best interests of the parties would be served by negotiation that would resolve this dispute. Moreover, in addition to serving the best interests of the parties, many would suggest that the interests of justice and any inequities of this difficult situation would be served by a resolution of the matter, given the fact that it is quite apparent by the record that the Plaintiff did have a good faith belief that she was legally married. Most individuals meeting or encountering the Plaintiff and her family would have likely drawn the same conclusion; namely, that they were married, living together as husband and wife, and raising a family. The fact that they came to this country from Somalia would not suggest otherwise to a third party, unless they were intimately familiar with the Plaintiff's religion, the law, and the culture in Somalia. Neither the Defendant nor anyone else makes such a claim in this case.

As the parties may already be aware, Magistrate Judge Susan Richard Nelson is available to assist in the negotiation of a settlement should the parties find such services to be helpful. If the Court may be of assistance in this matter, the parties should contact Brenda Schaffer, Calendar Clerk for Judge Donovan W. Frank, at 651-848-1296, or

Beverly Riches, Calendar Clerk for Magistrate Judge Susan Richard Nelson, at 612-664-5490.

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 17) is **DENIED**.

Dated: December 1, 2009    s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge