UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Rahma Nur-Afi, | Court File No. 0:08-cv-5096 (DWF/SRN) |
| Plaintiff, | |
| v. | **STATEMENT OF THE CASE** |
| Guidance Residential, LLC | |
| Defendant. | |

---

Guidance Residential, LLC ("Guidance") hereby submits the following Statement of the Case in accordance with the Court's instructions in its June 9, 2010 Jury Trial Notice.

## FACTS INTENDED TO BE PROVED

The burden of proof lies with Plaintiff to establish each of the elements of her claims. Guidance does not have any counterclaims against Plaintiff and therefore does not have any claims for which it bears the burden of proof. As a general matter, however, Guidance believes that the facts, as developed through cross-examination, will show that Plaintiff has not adequately proven the essential piece of her claims—namely, that she was legally married to Yasin Mohamed Jamal in October 2006.

## UNRESOLVED ISSUES FOR TRIAL

In addition to those issues addressed in its motions in limine, Guidance identifies the following issues that remain to be resolved before trial:

1.  **The burden of proof as to Iowa common-law marriage is by a preponderance of clear, consistent and convincing evidence.**

The parties dispute the proper burden of proof that must be applied to Plaintiff's assertion that she became legally married to Yasin Jamal under the common law of Iowa. While Iowa does recognize common-law marriages under some circumstances, "the courts do not look on such marriages with favor." *In re Fisher's Estate*, 176 N.W.2d 801, 804 (Iowa 1970). Accordingly, "where a common-law marriage is claimed, the courts will carefully scrutinize the evidence." *Id.* Courts in Iowa regard claims of common-law marriage with suspicion and scrutinize them closely. *Id.* at 805.

As a result of this careful scrutiny, the burden rests with the claimant to prove the elements of such a claim "by a preponderance of clear, consistent and convincing evidence." *State v. Ware*, 338 N.W.2d 707, 711 (Iowa 1983). The Court recognized this burden of proof in its December 1, 2009 memorandum opinion denying Plaintiff's motion for summary judgment. (Doc. No. 38 at 7.)

Plaintiff, however, argues that the burden of proof is instead "a preponderance of the evidence," and claims that the requirement of clear, consistent, and convincing evidence is applicable only when one party is deceased.[1] Even if the burden of proof advocated by Plaintiff were valid, the circumstances of this case warrant applying the

---

[1] While Iowa courts are somewhat inconsistent in their application of the standard, the deceased-party language appears commonly with the qualifier, "all of the essential elements of such a relationship must be shown by clear, consistent and convincing evidence, *especially* must all of the essential elements of such a relationship be shown when one of the parties is dead." *In re Dallman's Estate*, 228 N.W.2d 187, 189 (Iowa 1975) (emphasis added); *In re Fisher's Estate*, 176 N.W.2d 801, 805 (Iowa 1970).

2

heightened standard of "clear, consistent and convincing" because the form of this litigation is not materially different than if Yasin Jamal were deceased. A heightened burden of proof is appropriate when one purported spouse is deceased because the other purported common-law spouse must prove to a court that she is rightfully entitled to a spouse's share of the deceased's estate, inevitably to the exclusion of others.

Similarly here, Mr. Jamal left the country with no apparent intent ever to return, and left behind certain assets and liabilities. With the mortgage at issue in this case, Mr. Jamal granted Guidance an interest in one of those assets. Similar to the posture in which a purported spouse sits following the death of a common-law spouse, Plaintiff seeks to prove that she was Mr. Jamal's common-law spouse in order to supersede and invalidate the property interest of Guidance. As a result, if Plaintiff is allowed to proceed with her argument that she was married under the common law of Iowa, the Court should resolve any ambiguities in Iowa law in favor of applying the heightened standard of "a preponderance of clear, consistent and convincing evidence."

2.   **The Court should not give a jury instruction regarding the failure to produce available evidence.**

Plaintiff has requested that the Court give a jury instruction on the issue of failure to produce available evidence (Instruction No. 22A), which states: "If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not." 3 *Fed. Jury Prac. & Inst.* § 104.26 (5th ed.). As discussed further below, Plaintiff has not—and cannot—

3

make any showing that such an instruction is warranted under the circumstances of this case. As a result, a failure-to-produce instruction would likely be unfairly prejudicial to Guidance, because it would imply that Guidance has intentionally withheld evidence.

Appellate courts call for cautious and conservative use of jury instructions on the adverse inference that may be derived from a party's failure to produce. 2 *McCormick on Evid.* § 264 (6th ed.). Several reasons exist for this caution. An ill-advised instruction on the adverse inference can result in conjecture and ambiguity, as well as in a waste of time from calling unnecessary witnesses to testify about availability of evidence. *Id.* Additionally, "the availability of modern discovery and other disclosure procedures serves to diminish both its justification and the need for the inference." *Id.*

The circumstances here are the case-in-point for the caution urged with a failure-to-produce instruction. Plaintiff has never alleged that Guidance has failed to produce any documents or witnesses under its possession or control. Despite significant time that was available for discovery and motion practice, Plaintiff never deposed any representatives of Guidance, never alleged that Guidance had failed to produce any materials in response to her first set of written discovery requests, never served a second set of written discovery requests, and never brought a motion to compel discovery. Because Plaintiff has never made any specific allegations of a failure to produce, allowing an instruction of the sort Plaintiff now requests would only result in "conjecture and ambiguity." The risk of prejudice against Guidance is further heightened by the inherent economic and size disparities between the parties, as a jury may be more likely

4

to assume ill intent and wrongdoing on the part of the business entity over the individual.

As a result, Guidance respectfully requests that the Court refuse to instruct the jury on the adverse inference to be drawn from a failure to produce documents or witnesses.

### 3. The Court should not give Plaintiff's proposed jury instruction on how marriage is proved.

Guidance Residential, LLC ("Guidance") opposes the jury instruction requested by Plaintiff on the issue of how marriage is proved. The proposed instruction is improper because it bears a substantial likelihood of confusing the jury on the issues of the case.

The proposed instruction (Instruction No. 23A) reads:

> When the fact of marriage is required or offered to be proved before any court, evidence of general repute, or of cohabitation as married person, or any other circumstantial or presumptive evidence from which the fact may be inferred, shall be competent.
>
> The fact of marriage may be proved by testimony of husband or wife, allowing the admissions of either to be shown in proof of the marriage.
>
> Minn. Stat. § 602.02
> *Leighton v. Sheldon*, 16 Minn. 243 (1871).

As the parties and the Court have previously cited, Minnesota law recognizes that "all marriages contracted . . . outside this state that were valid at the time of the contract or subsequently validated by the laws of the place in which they were contracted or by the domicile of the parties are valid in this state." Minn. Stat. § 517.20. Based on this statute, the issues relevant to Plaintiff's primary claim are whether she entered into a valid marriage with Yasin Jamal in Somalia, and whether she and Mr. Jamal became married under the common law of Iowa while living in that state. In comparison, however, marriages between persons living in Minnesota must be accompanied by a

license and contracted in the presence of witnesses and an authorized party. Minn. Stat. § 517.01. Minnesota has prohibited common-law marriages since 1941. *Baker v. Baker*, 23 N.W.2d 582, 583 (Minn. 1946).[2]

The provisions cited in the proposed instruction are likely to confuse the jury because—while they actually relate only to the relevancy and admissibility of evidence—they contain legalese that would likely mislead jurors into believing that marriages can be established and proven in Minnesota based on the type of evidence that would establish a common-law marriage. The relevancy and admissibility of evidence, to which these provisions speak, are instead issues for the Court to decide as a matter of law.

Accordingly, Guidance respectfully requests a ruling from the Court that Plaintiff's proposed Instruction No. 23A should not be given to the jury.

---

[2] It is also relevant to note that Minn. Stat. § 602.02—the source of the first provision cited in Plaintiff's proposed Instruction No. 23A—dates back to 1866 and has not been revisited by the legislature since 1927. To the extent that statute is ambiguous, it must be read in harmony with the later-passed prohibition of common-law marriage. *Lee v. Hunt*, 642 N.W.2d 57, 60 (Minn. App. 2002) ("statutes should be construed, if possible, so that effect can be given to both.").

Doc# 3140369\1

DATED: August 2, 2010         **LINDQUIST & VENNUM P.L.L.P.**

By /s/ Karla M. Vehrs
    James M. Lockhart (#176746)
    Karla M. Vehrs (#387086)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211
(612) 371-3207 (facsimile)

**ATTORNEYS FOR DEFENDANT GUIDANCE RESIDENTIAL, LLC**