# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rahma Nur-Afi,  Civil No. 08-5096 (DWF/SRN)

    Plaintiff,

v.  **ORDER**

Guidance Residential, LLC,

    Defendant.

---

Patrick B. Hennessy, Esq., Best & Flanagan LLP, counsel for Plaintiff.

James M. Lockhart, Esq., Karla M. Vehrs, Esq., and Christopher R. Smith, Esq., Lindquist & Vennum PLLP, counsel for Defendant.

---

    This matter is before the Court on Plaintiff's and Defendant's motions *in limine*. The Court ruled in substantial part off the bench during the pre-trial hearing on August 11, 2010. The Court's remarks, except to the extent that they are modified herein, are incorporated in this Order.

    Based upon the memoranda, pleadings, and arguments of counsel, and the Court having reviewed the contents of the file in this matter and being otherwise duly advised in the premises, hereby enters the following:

**ORDER**

1.	Plaintiff's motion *in limine* requesting a determination that a "putative spouse" under Minnesota law has the rights of a spouse under Minn. Stat. § 507.02 (Doc. No. [65 ¶ 2]) is **GRANTED**.


Dated:  August 13, 2010	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge

**MEMORANDUM**

In this case, Plaintiff asserts that she is entitled to the rights of a spouse under Minn. Stat. § 518.055 as a putative spouse and that as a putative spouse, she is entitled to the protections afforded under Minn. Stat. §§ 507.02 and 507.04, subd. 6.  Defendant asserts that a putative spouse is not entitled to the same rights as an actual spouse under the relevant statutes.

Section 518.055, provides in relevant part:

Any person who has cohabited with another to whom the person is not legally married in the good faith belief that the person was married to the other is a putative spouse until knowledge of the fact that the person is not legally married terminates the status and prevents acquisition of further rights.  A putative spouse acquires the rights conferred upon a legal spouse, including the right to maintenance following termination of the status, whether or not the marriage is prohibited or declared a nullity.  If there is a legal spouse or other putative spouses, rights acquired by a putative spouse do not supersede the rights of the legal spouse or those acquired by other putative spouses, but the court shall apportion property, maintenance, and support rights among the claimants as appropriate in the circumstances and in the interests of justice.

Minn. Stat. § 518.055.  Minn. Stat. §§ 507.02 and 507.04, subd. 6, provide in relevant part:

> If the owner is married, no conveyance of the homestead, except a mortgage for purchase money . . . shall be valid without the signatures of both spouses.  A spouse's signature may be made by the spouse's duly appointed attorney-in-fact.

Minn. Stat. § 507.02.

> **Validity of homestead conveyance**.  No conveyance of the homestead is valid unless each spouse or the duly authorized legal representative of each spouse joins in the conveyance by joint deed or by separate deeds.

Minn. Stat. § 507.04, subd. 6.

The Court has considered the arguments of the parties and reviewed the relevant authority, including but not limited to *Johnson v. Commissioner of Revenue*, 1979 WL 1142, Docket No. 2807 (Minn. Tax Nov. 26, 1979) (holding that rights of a putative spouse extend and encompass right to inherit under the Minnesota inheritance tax laws), *Johnson v. Commissioner of Revenue*, 1980 WL 1199, Docket No. 2807 (Minn. Tax March 6, 1980), and *Aldainy v. Aldainy*, 1997 WL 561267, No. C2-97-784 (Minn. Ct. App. 1997).  The Court also notes the "scant" legislative history on Minn. Stat. § 518.055. *See Johnson*, 1997 WL 1142, *5.[1]  While there is no case directly on point, the

---

[1]  The court in *Johnson* therefore looked to the Commissioner's Note of Section 209 of the Uniform Marriage & Divorce Act for the probable legislative intent in adopting Minn. Stat. § 518.055.  A portion of the Commissioner's Note provides:

> The adoption of this section is most desirable (1) to provide legislative foundation for achieving the obviously just results provided by the putative

(Footnote Continued on Next Page)

Court concludes that both the clear language of Minn. Stat. § 518.055 ("A putative spouse acquires the rights conferred upon a legal spouse . . ."), the parallel legislative history of the Uniform Marriage & Divorce Act, and the case law support an interpretation of the rights of a putative spouse under Minnesota law in this case that would include the protections afforded under Minn. Stat. §§ 507.02 and 507.04, subd. 6.

D.W.F.

---

(Footnote Continued From Previous Page)
        spouse doctrine; (2) to spell out specifically the rights conferred upon a putative spouse; (3) to state specifically when the status of putative spouse terminates; (4) to eliminate any distinction which some courts might attempt between prohibited marriages and those which merely are subject to declaration of invalidity; (5) to provide specifically for equitable apportionment, on the basis of justice and the special circumstances of each case, either where there are a legal spouse and a putative spouse, or where there are several putative spouses.

Uniform Marriage & Divorce Act, Sec. 209, Commissioner's Note, (1970). The Court agrees that it is appropriate to look to the legislative history on the Uniform Marriage & Divorce Act in considering the intent behind Minn. Stat. § 518.055.