UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rahma Nur-Afi,                                    Civil No. 08-5096 (DWF/SRN)

               Plaintiff,

v.                                                FINDINGS OF FACT, CONCLUSIONS
                                                  OF LAW AND ORDER FOR
Guidance Residential, LLC,                        JUDGMENT

               Defendant.

---

Patrick B. Hennessy, Esq., Best & Flanagan LLP, counsel for Plaintiff.

James M. Lockhart, Esq., Karla M. Vehrs, Esq., and Christopher R. Smith, Esq., Lindquist & Vennum PLLP, counsel for Defendant.

---

This matter came before the Court on the parties' Settlement Agreement, which Agreement followed the issuance of this Court's Order, entered and filed on August 13, 2010 granting Plaintiff's Motion *in limine* and ruling that a "putative spouse" under Minnesota law has the rights of a spouse under Minnesota Statute § 507.02 and § 507.04, subd. 6. (Doc. No. 95.) Except as expressly contradicted herein, the Court incorporates by reference its December 1, 2009 Memorandum Opinion and Order and its August 13, 2010 Order.

Plaintiff asserts in this action that a mortgage granted by her alleged husband, Yasin Jamal, in October 2006 (the "Mortgage") and encumbering the home which was, at that time, the homestead of Yasin Jamal, Plaintiff Rahma Nur-Afi, and their six children

(the "Property"), is void because the Mortgage was not signed by Rahma Nur-Afi. With this lawsuit, Plaintiff has asserted that she has the rights of a spouse under Minnesota Statutes §§ 507.02 and 507.04, subd. 6, because, at the time the mortgage was granted: (1) the Property was the family's homestead, and (2) either, (a) Yasin Jamal and Rahma Nur-Afi were legally married in Somalia in or about 1993 and remained married in 2006; or (b) Yasin Jamal and Rahma Nur-Afi created a binding common-law marriage while living in Iowa from June 1996 through December 1997; or (c) Rahma Nur-Afi, even if not legally married to Yasin Jamal, genuinely believed she was married to Yasin Jamal, that such belief was objectively reasonable, and Rahma Nur-Afi thus had the rights of a putative spouse under Minnesota Statute § 518.055. In her Motion for Summary Judgment, Plaintiff argues that, even if there are triable issues of fact regarding whether Plaintiff's marriage in Somalia was legally valid in that country, or whether Plaintiff had established a common-law marriage under the laws of Iowa, the undisputed record establishes that, at a minimum, Plaintiff Rahma Nur-Afi believed she was legally married to Yasin Jamal in October 2006 and thus was a "putative spouse" under Minnesota law.

While Defendant continues to challenge Plaintiff's claim that she was legally married at the time the Mortgage was granted, Defendant does acknowledge that it is unaware of any evidence which would contradict Plaintiff's assertion of a good faith belief she was married to Yasin Jamal. Defendant also acknowledges that it is unaware of any evidence to contradict Plaintiff's claim that, at the time the Mortgage was granted the

Property was occupied by Yasin Jamal, Plaintiff Rahma Nur-Afi and their six children as their homestead.

Plaintiff and Defendant have stipulated that Plaintiff's claim for slander of title shall be dismissed with prejudice; that neither party shall be entitled to tax any costs associated with this action; and that Plaintiff and Defendant waive any rights to appeal from the judgment entered as directed by this Order.

**NOW, THEREFORE,** based upon the Memorandums, all of the pleadings and arguments of counsel, and the Settlement Agreement of the parties, and the court having reviewed the contents of the file in this matter and being otherwise duly advised in the premises, it is hereby ordered as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court hereby incorporates by reference the Memorandum Opinion and Order dated December 1, 2009 and filed as Document Number 38, except as expressly contradicted herein.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Minnesota. Defendant is a citizen of the State of Delaware and of Virginia. There is thus complete diversity. The amount in controversy, the loan secured by the Mortgage, exceeds $75,000.

Plaintiff asserts that she and Yasin Jamal were married in a religious ceremony in or about 1993 in Somalia and remained married in 2006.

Yasin Jamal purchased the Property in 2004.

Plaintiff has occupied the Property with her daughters since 2004.

On October 31, 2006, Yasin Jamal executed the Mortgage, which became recorded and was assigned to Defendant.

Yasin Jamal and their four sons also occupied the Property until May 2007, at which time Yasin Jamal took their four sons to Africa.

Defendant is not aware of any facts that would contradict Plaintiff's claim to have had a good-faith belief that she was married to Yasin Jamal in 2006. Thus, while Plaintiff may not have been able to prove that she was legally married to Yasin Jamal, the Court concludes under Minnesota Statute § 518.055 that Rahma Nur-Afi was a putative spouse at the time the Mortgage was executed by Yasin Jamal and recorded.

Based upon the evidence submitted by Plaintiff, the Court concludes that, at the time the Mortgage was granted and recorded, the Property was the legal homestead of Yasin Jamal, Rahma Nur-Afi and their then six children.

As a putative spouse, Rahma Nur-Afi's signature was required on the Mortgage, pursuant to both Minnesota Statutes §§ 507.02 and 507.04, subd. 6, in order for such Mortgage to be legally enforceable. Rahma Nur-Afi did not sign the Mortgage and it is, therefore, null and void.

**ORDER FOR JUDGMENT**

1. Plaintiff's Motion for Summary Judgment is **GRANTED**.

2. The Mortgage, recorded with the Olmstead County Recorder on October 31, 2006 as Document No. A-1117265 against the property legally described as

Lot 5, Block 2, Rose Harbor Estates Fifth, Rochester, Olmsted County, Minnesota and assigned to Guidance Residential, LLC by Assignment of such Mortgage, recorded with the Olmsted County Recorder on October 31, 2006 as Document No. A-1117266, is null and void and of no further force and effect.

    3.    Plaintiff's slander of title claim is hereby **DISMISSED WITH PREJUDICE**.

    4.    Plaintiff's alternative arguments regarding her status as the legal spouse of Yasin Jamal have been rendered moot by this Order for Summary Judgment. This Order and Judgment are thus dispositive of all issues. The Clerk of Court shall therefore promptly enter judgment accordingly.

    5.    Neither party shall be entitled to collect costs incurred in this action.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 7, 2010                s/Donovan W. Frank
                                              DONOVAN W. FRANK
                                              United States District Judge